UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DIANA JACKSON, ET AL				CIVIL ACTION NO. 09-cv-0077

VERSUS						JUDGE HICKS

YRC WORLDWIDE, INC., ET AL			MAGISTRATE JUDGE HORNSBY


**REPORT AND RECOMMENDATION**

Diana Jackson and Timothy Karl Jackson ("Plaintiffs") filed this suit in state court, seeking recovery for personal injuries sustained by plaintiff Diana Jackson in an accident. Defendants removed the case based on an assertion of diversity jurisdiction, and the court set a scheduling conference.

Prior to the scheduling conference, counsel for Plaintiffs filed a motion to withdraw (Doc. 11). Plaintiffs' attorney stated that he had provided the reasons for his withdrawal in a detailed letter that he delivered to Plaintiffs by certified mail.

The court issued an order (Doc. 12) granting the motion to withdraw. The order stated that Plaintiffs were "strongly encouraged to retain new counsel" and granted them until October 5, 2009 to either (1) enroll new counsel to represent them in this case or (2) file with the court a written statement that they intend to represent themselves. The order warned that failure to take one of those steps by the deadline could result in the case being dismissed, without further notice, for failure to prosecute. A copy of the order was mailed to Plaintiffs at the address reflected in an exhibit that was attached to the motion to withdraw.

The October 5, 2009 deadline has passed, but there has been no action of record by Plaintiffs or an attorney acting on their behalf. The court provided ample time for Plaintiffs to secure new counsel or indicate their desire to proceed without counsel. Plaintiffs have not taken even the simple step of alerting the court that they desire to proceed on their own. It is highly unlikely that plaintiffs who are unwilling to take such a simple step are interested enough in their case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of October, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE